# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | |
| ) | Case No. 17-cv-183 |
| Plaintiff, ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| DEMARIO HOLMES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Respondent Federal Bureau of Investigation's motion to vacate and dismiss the state court order to compel the FBI to produce certain criminal investigative files [12]. For the reasons that follow, the FBI's motion [12] is granted, the state court order to compel is vacated, and Defendant's corresponding motion to compel is dismissed. The remainder of this case is remanded to the Circuit Court of Cook County for further proceedings.

**I.   Background**

On December 15, 2016, the Circuit Court of Cook County issued an order compelling the FBI to produce all unredacted criminal investigative files concerning criminal Defendant Demario Holmes[1] in response to Defendant Holmes's motion for additional discovery. The FBI removed the state court order to compel to this Court on January 10, 2017, invoking 28 U.S.C. § 1442. The FBI requests that this Court vacate and dismiss the state court order compelling the

---

[1] The Court notes that various spellings of Defendant's name appear in the record, including "Demarco," "Damarco," and "Demario."

FBI to produce certain criminal investigative files. Neither Plaintiff nor Defendant has filed a response to the FBI's motion.

## II. Analysis

The FBI argues that state courts may not compel production of records or compliance with discovery by federal agencies or officials unless sovereign immunity has been waived. The FBI contends that in this case, the state court lacked jurisdiction, so this Court acquired no jurisdiction upon removal. Thus, in the FBI's view, the order compelling the FBI to produce certain criminal investigative files should be vacated and dismissed.

The Court will first consider whether removal to federal court was proper. The federal officer removal statute, 28 U.S.C. § 1442(a), provides that a "civil action * * * commenced in a State court" against the "United States or any agency thereof," relating to "any act under color of such office," may be removed to federal court. 28 U.S.C. § 1442(a). "The provisions is an exception to the 'well-pleaded complaint' rule, which provides that for non-diversity cases to be removable, the complaint must establish that the case arises under federal law." *Rodas v. Seidlin*, 656 F.3d 610, 616 (7th Cir. 2011). The purpose of § 1442(a) is to "ensure a federal forum in any case where a federal officer is entitled to raise a defense arising out of his official duties" and to "enable[ ] the defendant to have the validity of his immunity defense adjudicated, in a federal forum." *Arizona v. Manypenny*, 451 U.S. 232, 241 (1981). To effectuate that purpose, courts broadly construe the provisions of § 1442(a). See *Willingham v. Morgan*, 395 U.S. 402, 407 (1969) (cautioning against "a narrow, grudging interpretation of § 1442(a)(1)").

Here, the FBI is a federal agency, and the criminal investigative files that the state court ordered the FBI to disclose clearly pertain to the FBI's acts "under color of such office." § 1442(a). Further, in keeping with the Supreme Court's admonition not to frustrate the purpose

2

of § 1442 by invoking a "narrow, grudging interpretation," *Willingham*, 395 U.S. at 407, courts have extended the meaning of "action" in § 1442 to include discovery disputes between a party to a state court action (Defendant Holmes, in this case) and a nonparty federal agency (here, the FBI). See *Bosaw v. Nat. Treasury Emps.'s Union*, 887 F. Supp. 1199, 1206 (S.D. Ind. 1995). Thus, the FBI was entitled under § 1442(a) to remove to federal court to challenge the state court order to compel on sovereign immunity grounds. See *Hyde v. Stoner*, 2012 WL 689268, at *1 (N.D. Ill. March 2, 2012) (holding that where defendant moved the state court to compel an EPA administrator to disclose employment records that administrator maintained "under color of [her] office," administrator was entitled to remove under § 1442(a)).

Specifically, a removable action commenced when the FBI declined to produce the criminal investigative files sought by Defendant in discovery, and Defendant requested judicial intervention from the state court to compel the FBI to produce such records. See *Ferto v. Fielder*, 2010 WL 3168293, at *1 (N.D. Ill. Aug. 5, 2010) (concluding that a removable action commenced when federal officials declined to comply with subpoenas to testify in state court case and plaintiff requested judicial intervention from the state court to enforce the subpoenas); *Dunne v. Hunt*, 2006 WL 1371445, at *4 (N.D. Ill. May 16, 2006) (holding that "an action is commenced for purposes of § 1442(a) once a federal official declines to comply with a subpoena and the subpoenaing party requests judicial intervention from the state court to enforce the subpoena"). Further, the fact that the state court issued an order to compel the FBI to produce the files makes it even clearer that removal was proper at this stage in the litigation. See *Dunne*, 2006 WL 1371445, at *3 (noting that "when a state court issues an order compelling a federal official to comply with a subpoena * * * most courts agree that a civil action has been commenced triggering the federal official's right of removal under § 1442(a)").

3

However, only the dispute regarding the enforceability of the order to compel is removable under § 1442(a). Thus, the remainder of this case is remanded to the Circuit Court of Cook County for further proceedings. See *Wisconsin v. Hamdia*, 765 F.2d 612, 615 (7th Cir. 1985); *Dunne*, 2006 WL 1371445, at *1 n.3 (explaining that the motion to compel a federal officer to testify was the only portion of the state court case removable to federal court under § 1442(a)).

Turning to the merits of the FBI's motion, the United States and its agencies and employees acting in the scope of their employment are immune from state court suit unless consent to be sued has been provided. *Ferto*, 2010 WL 3168293, at *2 (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Thus, the doctrine of sovereign immunity prohibits state courts from enforcing subpoenas against "unwilling federal officers." *Edwards*, 43 F.3d at 317. A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. *Id.*

Here, because there is no indication that the FBI has waived its sovereign immunity with respect to the state court order to compel, the state court lacked jurisdiction to compel the FBI to produce the investigative files. See *Edwards*, 43 F.3d at 317 (holding that state court had no jurisdiction to compel discovery of FBI reports absent waiver of sovereign immunity, and thus district court was required to quash subpoenas); *Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996) (explaining that where a litigant seeks to obtain documents from a non-party federal government agency in state court, the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena); *Louisiana v. Sparks*, 978 F.2d 226, 235 (5th Cir. 1992) (noting "myriad cases involving a § 1442(a) removal of a state subpoena proceeding against an unwilling federal officer have held that the sovereign immunity doctrine bars enforcement of the subpoena" and

explaining that "[t]hese courts have quashed state court subpoenas * * * on the ground that a court, state or federal, lacks jurisdiction to enforce a subpoena against an unwilling sovereign"). Therefore, the FBI's motion to vacate and dismiss the state court order to compel the FBI to produce certain criminal investigative files is granted.[2] See *Ferto*, 2010 WL 3168293, at *2–*3 (dismissing motion to compel testimony of federal officials and explaining that since the state court lacked jurisdiction to compel their testimony, the federal court also lacked jurisdiction to compel testimony).

## III. Conclusion

For the reasons set forth above, the FBI's motion [12] is granted, the state court order to compel is vacated, and Defendant's corresponding motion to compel is dismissed. The remainder of this case is remanded to the Circuit Court of Cook County for further proceedings.

Date: May 30, 2017

Robert M. Dow, Jr.
United States District Judge

---

[2] The Court notes that "the proper method for judicial review of an agency decision pursuant to valid agency regulations is through the Administrative Procedure Act [APA], 5 U.S.C. § 701 *et seq.*" *Edwards*, 43 F.3d at 315; see also *Houston Bus. Journal, Inc.*, 86 F.3d at 1212 (explaining that if a federal agency refuses to produce documents requested by a state-court litigant, "the sole remedy for the state-court litigants to file a collateral action in federal court under the APA"). *Edwards*, 43 F.3d at 315, suggests that with the consent of the parties, this Court could convert this matter to a proceeding under the APA. However, given the absence of request or consent from the parties and the absence of briefing on this issue, the Court declines to do so. See *Hyde*, 2012 WL 689268, at *3 (noting that since neither party had requested that the court recast the motion to dismiss the state court motion to compel into an APA claim because neither party had made such a request); *Ferto*, 2010 WL 3168293, at *3 (noting that on removal under § 1442, the Court lacked authority under the APA to decide whether the Department of Labor improperly withheld authorization for its employees to testify in a state court case, and remanding the remainder of the case to the state court); *Miller v. Hill*, 2010 WL 2836299, at *2 (S.D. Ill. July 16, 2010) (declining to convert the motion to quash into an APA proceeding without further briefing by all interested parties).